UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BURCH,

        Petitioner,

v.                                         CASE NO. 05-CV-72234-DT
                                          HONORABLE LAWRENCE P. ZATKOFF

JAN TROMBLEY,

        Respondent.
_____/

## **ORDER DISMISSING CASE WITHOUT PREJUDICE**

### **I. Introduction**

This matter is pending before the Court on petitioner Roy Burch's application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for second-degree murder. *See* MICH. COMP. LAWS § 750.317. On April 16, 2002, the trial court sentenced Petitioner to imprisonment for 22 ½ to 50 years for the crime.

Petitioner raised the following claims in an appeal from his convictions:

I.     Defendant's conviction of second-degree murder is a violation of due process, U.S. CONST AM XIV; Const ART 1 § 17 and cannot be sustained where the killing occurred in the heat of passion as the result of adequate provocation, thus mitigating murder charge to voluntary manslaughter.

II.    Trial counsel made serious mistakes at defendant's trial that prejudiced his right to a fair trial and that were outcome determinative:

      A.    Counsel failed to challenge the voluntariness of Defendant's pretrial statements;

      B.    Counsel's theory of the case "self-defense" was not

> supported by the proofs and minimally required that
> he urge Defendant to testify on his own behalf make
> viable (sic) and support such a defense;
>
> C. Counsel made a serious mistake in failing to prosecute the only rational theory of defense and request that the jury be instructed on the concept of imperfect self-defense.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished *per curiam* opinion after concluding that Petitioner's claims lacked merit. *See People v. Burch*, No. 241080 (Mich. Ct. App. Oct. 21, 2003). Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal. *See People v. Burch*, No. 125221 (Mich. Sup. Ct. Apr. 30, 2004).

Petitioner submitted his habeas corpus petition through counsel on April 30, 2005. The grounds for relief and supporting facts read:

> I. Ineffective assistance of counsel.
>
> Trial counsel failed to investigate or adequately prepare or present a defense at trial.
>
> II. Prosecutorial misconduct.
>
> The trial counsel presented evidence and arguments he knew to be false.

On June 3, 2005, Petitioner's attorney moved for leave to file a supporting brief. Respondent argued in a subsequent answer to the habeas petition that the Court should dismiss the petition without prejudice because it contained an unexhausted claim. On March 13, 2006, the Court denied without prejudice Petitioner's motion for leave to file a supporting brief and ordered him to show cause why his habeas petition should not be dismissed for failure to exhaust state remedies. A certificate of service indicates that the order was served on the attorneys of record. To date, neither

Petitioner, nor his attorney, has responded to the Court's order.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims in each appropriate state court before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner's first claim alleges ineffective assistance of counsel. This claim is exhausted because Petitioner raised it in the Michigan Court of Appeals and in the Michigan Supreme Court.

The second habeas claim alleges prosecutorial misconduct, but the supporting facts state that "trial counsel presented evidence and arguments he knew to be false." Whether Petitioner is complaining about the prosecutor or his own trial attorney is unclear. Regardless of how the claim is interpreted, it was not raised in either the Michigan Court of Appeals or in the Michigan Supreme Court. Consequently, the second claim is unexhausted, and the habeas petition is a "mixed" petition of one exhausted claim and one unexhausted claim.

Absent unusual or exceptional circumstances, courts must dismiss mixed petitions in their entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This procedure leaves the petitioner with the option of (1) submitting an amended habeas petition to the federal court with only the exhausted claim or (2) returning to state court to further exhaust state remedies. *Rose*, 455 U.S. at 510.

Petitioner has not submitted an amended habeas petition with only his exhausted claim. Nor has he sought a stay of these proceedings so that he can pursue additional state remedies for his unexhausted claim without risking a dismissal of a subsequent habeas petition for failure to comply with the statute of limitations. *See* 28 U.S.C. § 2244(d). Accordingly, the habeas petition is

**DISMISSED** without prejudice for failure to prosecute and for failure to exhaust state remedies.

28 U.S.C. § 2254(b); Fed. R. Civ. P. Rule 41(b); Local Rule 41.2 (Mar. 2, 1998).

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 11, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 11, 2007.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290